RHYNE *v.* BELOATE.

Opinion delivered June 21, 1920.

1. PARTIES—INTERVENTION.—A stranger may not intervene in a real property action to enforce a personal claim against one of the parties to such action.

2. MECHANIC'S LIEN—PLEADING.—An intervener's petition which alleged facts sufficient to create a mechanic's lien, but which was not filed within time, *held* insufficient.

3. VENUE—TRANSITORY ACTION.—A transitory action can be brought only in the county where defendant resides or was served with process.

Appeal from Clay Chancery Court, Western District; *Archer Wheatley,* Chancellor; affirmed.

*J. O. Rhyne,* for appellant.

1. The court erred in quashing the summons. 143 S. W. 483; 140 Fed. 921; 29 Ohio St. 611; 30 Ark. 536; 35 *Id.* 276.

2. It was error to dismiss the intervention of the intervener. 102 Ark. 380. If the complaint failed to state a cause of action, demurrer was the proper remedy. Kirby's Digest, § 6093. If the allegations were imperfect or defective, the remedy was by motion to make more definite and certain. 133 Ark. 188. If the demurrer had been sustained, intervener had the right to amend. Kirby's Digest, § 6095; 102 Ark. 380. Intervener had a right to enforce his lien for repairs and improvements in the chancery court. 47 Wis. 581; 65 *Id.* 55; 88 Fed. 924; 86 Am. Dec. 247; 1 N. J. Eq. 10; 2 *Id.* 269. The mo-

tion to strike should have been treated as a demurrer. 102 Ark. 380.

. *C. T. Bloodworth* and *J. E. Anderson,* for appellee.

The case in 124 Ark., *Rhyne* v. *Beloate,* ended the litigation, and neither intervener nor appellee could add to or change or take from the same. 113 Ark. 582; 106 *Id.* 582; 109 *Id.* 525. W. E. Beloate, the owner, was not a necessary party, and appellant's lien was superior to C. V. Beloate's mortgage, under § 4974, Kirby's Digest, 54 Ark. 640. The chancellor properly quashed the service and struck out the intervention.

*Oliver T. Massey,* of counsel for appellees.

McCULLOCH, C. J. Appellee instituted this action originally against his brother, C. V. Beloate, in the chancery court of Clay County to settle the rights of those parties with respect to a mortgage lien asserted by C. V. Beloate on the homestead of their mother, N. E. Beloate, in the town of Corning. Appellee was the owner of the property by virtue of a conveyance to him by his mother. There was a decree in the cause declaring a lien on said real estate in favor of C. V. Beloate for the amount of the mortgage debt and a sale was ordered by a commissioner, with directions to sell the property and pay off the mortgage debt to C. V. Beloate and pay the remainder to appellee. Appellant intervened in the action and filed his complaint asserting a lien on the property for costs of improvements and repairs made by him under contract with appellee. Process was issued and served on appellee in Lawrence County where he resided, and he appeared and moved to quash the service on the ground that it was a personal action for the recovery of money, and that suit could not be maintained against him by appellant, except on service in the county of his residence or wherever he could be found. The court quashed the service on appellee and dismissed appellant's complaint.

Appellant could not intervene in the action between appellee and C. V. Beloate for the purpose of asserting a personal claim and take advantage of the pendency of that suit to serve writ of process on appellee in another county where the latter resided.    While appellant asserts a lien on real estate, the allegations in his complaint do not sustain the claim.    It is merely alleged that in January, 1913, appellee entered into an oral agreement with appellant to pay for certain repairs and that afterward said agreement was reduced to writing, and that in said writing appellee agreed to pay the costs of said repairs at the death of his mother, N. E. Beloate. If it be conceded that these allegations were sufficient to create a statutory mechanics' lien in favor of appellant, he fails to bring himself within the terms of the statute by alleging that he complied therewith.    The intervention plea was filed September 4, 1919, and the allegation is that the agreement between appellant and appellee was entered into in January, 1913.    There is no allegation that the lien was ever filed in accordance with the terms of the statute.    Nor is there any other allegation in the complaint setting up facts which would create a lien either legal or equitable.    This being true, the action was transitory and not local, and under the statute could only be brought in the county where appellee resided or was served with process.    Kirby's Digest, section 6072.

The chancellor was therefore correct in quashing the service and in striking out the intervention, and the decree is affirmed.